# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW D. WETZEL | CIVIL ACTION |
| VERSUS | NO. 11-1194 |
| ROBERT C. TANNER, WARDEN | SECTION "N" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this petition, Andrew Wetzel seeks relief in connection with a simple arson conviction arising from the Twenty-Second Judicial District Court for the Parish of St. Tammany. Specifically, Wetzel complains that the trial judge failed to recuse himself despite

his bias against Wetzel based upon the fact that Wetzel had filed a complaint against the trial judge. Wetzel also complains that the prosecution failed to turn exculpatory evidence over to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The Court does not reach the merits of the above claims since Wetzel has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Pursuant to this Court's independent research, it was ascertained that the Louisiana Supreme Court has rendered no adjudication with regard to Wetzel. In fact, pursuant to a telephone conference with the Clerk's Office for the Louisiana Supreme Court, it was discovered that Wetzel has filed one writ application, No. 2010-KH-1883, with the state's highest court and said application is still pending before the court. Until a final determination is made upon each and every one of Wetzel's claims in the Louisiana Supreme Court, said claims having been presented in a procedurally proper manner, this Court cannot review Wetzel's habeas claims. Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Andrew Wetzel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[1]

New Orleans, Louisiana, this __2nd__ day of _____June_____, 2011.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.